F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 1 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00869-BNB

ASA M. MEEK,

      Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
KEVIN MILYARD, Warden D.O.C. S.C.F.,
ARESTIDES ZAVARES [sic], Ex-Executive Director CDOC,
STATE OF COLORADO [5th District Court],
JANE/JOHN DOE [Kitchen Sr. Officer SCF], and
COLORADO PUBLIC DEFENDER'S OFFICE [5th Judicial District],

      Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Asa M. Meek, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado.

The Court must construe Mr. Meek's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. meek will be directed to file an amended complaint.

Mr. Meek asserts four claims in this action. First, he asserts that in June of 2010 he slipped and fell while working in the prison kitchen due to hazardous working conditions. Mr. Meek asserts that he fractured his right femur, but that unnamed

Defendants failed to properly treat his injury in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Second, he asserts that the "DOC through their contracted HMO/Medical Provider did and does, for profit motive, deprive inmates of needed medical supplies, accoutrements [sic], and ancillary equipment." Complaint at 9. As his third claim, Mr. Meek asserts that he was improperly charged as an habitual offender even though he did not have a complete understanding of the plea bargain or judicial process. Fourth, he asserts that the "State of Colorado charged the plaintiff with a crime not properly enacted and is a nullity." *Id.* at 13. As relief, he seeks damages and release from the custody of the DOC.

First, to the extent Mr. Meek may seek his release from incarceration, his sole federal remedy is a writ of habeas corpus after he has exhausted state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). The Court will not consider the merits of any habeas corpus claims in this civil rights action.

Second, Mr. Meek's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

2

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.  In order for Mr. Meek to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Meek fails to set forth a short and plain statement of his claims showing he is entitled to relief.  His claims are repetitive, confusing and conclusory.  Mr. Meek sets forth an extended and unnecessary discussion of insignificant details and legal argument in support of his claims instead of providing "a generalized statement of the facts from which the defendant may form a responsive pleading."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

Mr. Meek must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.  The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's

3

attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Meek will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. In the amended complaint, Mr. Meek must allege, simply and concisely, his specific claims for relief. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Third, Mr. Meek may not sue the State of Colorado or its entities such as the Colorado Department of Corrections or the Fifth Judicial District Court or its offices. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

4

Furthermore, the Court notes that the Colorado Public Defender's Office is not a proper party to this action. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). The Colorado Public Defender's Office is not a "person" subject to suit under § 1983. Moreover, because the Colorado Public Defender's Office is a state entity, Mr. Meek's claims against that state entity are barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

Finally, Mr. Meek must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Meek must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as the executive director of the Colorado Department of Corrections, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010)

5

(Tymkovich, J., concurring), *petition for cert. filed*, 79 U.S.L.W. 3362 (U.S. Dec. 1, 2010) (No. 10-741).

Mr. Meek, therefore, will be directed to file an amended complaint that states his claims clearly and concisely, asserts what rights were violated, and alleges specific facts demonstrating the personal involvement of named defendant in the asserted violations.  Accordingly, it is

ORDERED that Plaintiff, Asa M. Meek, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Meek, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that if Mr. Meek fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED April 21, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 11-cv-00869-BNB

Asa M Meek
Prisoner No.  92031
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on April 21, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                Deputy Clerk