FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 23 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00869-BNB

ASA M. MEEK,

    Plaintiff,

v.

ARISTIDES ZAVARAS, Ex-Executive Director, C.D.O.C.,
KEVIN MILYARD, S.C.F. Warden,
LT. FICUS, S.C.F. Kitchen Officer,
JOHN DOE I, S.C.F. (Kitchen Supervisor),
JOHN DOE II & III, S.C.F. Transport Officers,

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

    Plaintiff, Asa M. Meek, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Sterling Correctional Facility (SCF) in Sterling, Colorado. Mr. Meek initiated this action by filing a *pro se* prisoner complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

    On April 21, 2011, Magistrate Judge Boyd N. Boland determined that the prisoner complaint was deficient because it failed to comply with Rule 8 of the Federal Rules of Civil Procedure and failed to allege the personal participation of all named Defendants. Accordingly, Magistrate Judge Boland directed Mr. Meek to file an

1

amended prisoner complaint within thirty days. Mr. Meek submitted an amended complaint on May 10, 2011.

On May 12, 2011, Magistrate Judge Boland determined that the Amended Complaint was deficient because Mr. Meek failed to include certain sections of the Amended Complaint, and failed to provide an original signature. Therefore, Magistrate Judge Boland again directed Mr. Meek to file a complete Amended Complaint on the court-approved form, and provided additional time for Mr. Meek to comply with this requirement. After receiving an extension of time, Mr. Meek filed a complete Amended Complaint on June 16, 2011.

The Court must construe the Amended Complaint liberally because Mr. Meek is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. See *id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the Amended Complaint because Mr. Meek is a prisoner and some of the Defendants are officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that

2

clearly does not exist or asserts facts that do not support an arguable claim. **See Neitzke v. Williams**, 490 U.S. 319, 324 (1989).

Mr. Meek asserts one claim in the Amended Complaint. He alleges that he has multiple disabilities, including problems with his mobility, hearing, vision, and mental and speech impairments. Mr. Meek asserts that he was assigned to a dangerous kitchen job by Defendant Ficus without any consideration of his disabilities. He alleges that in June 2010, he slipped on a mixture of oil and water on the floor and broke his pelvis, hip, and right femur. Mr. Meek asserts that Defendant John Doe I failed to quickly obtain medical assistance for him. He also asserts that Defendants John Doe II and John Doe III forced him to change his clothes before they would transport him to the hospital and that they roughly forced his injured leg into his clothing. Mr. Meek asserts that he suffered additional pain and injury as a result of these Defendants' failure to properly respond to his accident. Mr. Meek asserts that his Eighth Amendment right to be free from cruel and unusual punishment was violated, and he seeks monetary damages.

Mr. Meek is suing Defendants Executive Director Aristides Zavaras and SCF Warden Kevin Milyard because they allegedly are responsible for the constitutional violations committed by other individuals. Mr. Meek's allegations fail to establish the personal participation of Defendants Zavaras and Milyard. Mr. Meek was previously warned by Magistrate Judge Boland that personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). There must be an affirmative link between the alleged constitutional violation

and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of *respondeat superior*. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Mr. Meek has failed to allege an affirmative link between the alleged constitutional violations and Defendants Zavaras and Milyard. Because Mr. Meek fails to assert that these Defendants personally participated in violating his constitutional rights, Defendants Zavaras and Milyard are improper parties to the action and will be dismissed.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Meek's claims do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Defendants Aristides Zavaras and Kevin Milyard are dismissed as parties to this action for Plaintiff's failure to allege their personal participation. It is

4

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __23rd__ day of ____June____, 2011.

BY THE COURT:

___s/Lewis T. Babcock___
LEWIS T. BABCOCK, Senior Judge
United States District Court

``
`Case 1:11-cv-00869-MSK-MEH   Document 21   Filed 06/23/11   USDC Colorado   Page 6 of 6`

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00869-BNB

Asa M Meek
Prisoner No. 92031
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on June 23, 2011.

                                   GREGORY C. LANGHAM, CLERK

                                   By: _____
                                                Deputy Clerk