IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00869-MSK-MEH

ASA M. MEEK,

    Plaintiff,

v.

LT FICUS, S.C.F. Kitchen Officer,

    Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court are Plaintiff's Motion for Appointment of Counsel [filed August 9, 2011; docket #33] and "Motion for a Certificate of Services" [filed August 9, 2011; docket #32].  The Court does not have the power to appoint an attorney without his or her consent in a civil case, *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case.  Nevertheless, the Court can seek volunteer counsel to represent a plaintiff if the Court determines in its discretion that is appropriate to do so.  The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel.

    The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants:  (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams*

*v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).  A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications.  *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated his ability to frame facts and state claims for relief.  (*See* docket #15.)  His filings to date indicate that he is capable of presenting his claims adequately, at this initial stage of the litigation.  The legal issues presented are not overly complex, novel, or difficult to state or analyze.

The bare fact that the Plaintiff is incarcerated does not warrant the need for volunteer counsel.  The fact of Plaintiff's incarceration is more the norm than a special circumstance in this type of case before this Court, and therefore, does not provide special circumstances to consider in determining whether to seek volunteer counsel.  The Court recognizes Plaintiff's assertion that his speech is impeded and reserves its opinion as to whether such impediment justifies the placement of this case on the list of cases for which the Court is seeking volunteer counsel.  The Court may revisit this issue at the Scheduling Conference set for September 14, 2011.

Regarding Plaintiff's motion inquiring about certificates of service, the Court is unclear as to what exactly Plaintiff requests.  It is inappropriate for the Court to give Plaintiff legal advice.  The Court will, however, direct Plaintiff to Rule 5(d)(1) of the Federal Rules of Civil Procedure and Rule 5.1G of the Local Rules of Practice for this district.

Accordingly, the Court **DENIES** Plaintiff's Motion for Appt. of Counsel [filed August 9, 2011; docket #33] and **GRANTS** Plaintiff's "Motion for a Certificate of Services" [filed August 9,

2011; docket #32] as stated herein.

      Dated and entered at Denver, Colorado, this 11th day of August, 2011.

                                        BY THE COURT:

                                        *Michael E. Hegarty* (signature)

                                        Michael E. Hegarty
                                        United States Magistrate Judge