IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00869-MSK-MEH

ASA M. MEEK,

    Plaintiff,

v.

LT FICUS, S.C.F. Kitchen Officer,
JOHN DOE I, S.C.F., Kitchen Supervisor,
JOHN DOES II & III, S.C.F., Transport Officers,

    Defendants.

## ORDER GRANTING STAY OF DISCOVERY

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant [Ficus]'s Motion to Stay Discovery [filed August 29, 2011; docket #43]. The motion is referred to this Court for disposition. (Docket #44.) The Court finds that oral argument would not materially assist the Court in its adjudication of the motion. For the reasons that follow, Defendant Ficus' motion is **granted**.

**I.     Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of the Eighth Amendment of the United States Constitution. (Amended Complaint, docket #20, at 7.) Two of the defendants named in the Amended Complaint have been dismissed; only Defendant Ficus and three unidentified "John Doe" defendants remain. (*See* Order, docket #21.) Defendant Ficus filed a motion to dismiss in response to the Amended Complaint, asserting, among other defenses, the defense of qualified immunity. (Motion to Dismiss, docket #42.) At the same time, Ficus filed the present motion requesting that discovery be stayed pending resolution of the motion to dismiss. Ficus argues that his "well-supported claim of qualified immunity should shield [him] from

unnecessary and burdensome discovery." (Motion, docket #43, at 2-3.)

## II.    Discussion

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *see also Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same).  However, the defense of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004).  There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals. *See id.* Additionally, permitting discovery until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion for summary judgment. *Id.* at 643-44.

As set forth above, Ficus raises qualified immunity as a defense in her pending motion to dismiss.  Plaintiff brings this action seeking monetary damages against Ficus in her individual capacity.[1] (*See* Amended Complaint, docket #20, at 2, 12.)  The case is still in the early stages of litigation; discovery has not yet begun, no scheduling conference has been held, and Ficus' pending motion to dismiss, which assumes Plaintiff's factual allegations to be true, could fully dispose of Plaintiff's claims against Ficus before the parties need to engage in the discovery process.

The Court has broad discretion to stay proceedings as incidental to its power to control its

---

[1] According to the Amended Complaint, Plaintiff specifically names Defendants Zavares and Milyard in their official capacities, but does not do so for Defendant Ficus. (*See* docket #20 at 2.) However, Judge Babcock dismissed Defendants Zavares and Milyard from this action; thus, no official-capacity claims remain in the case and any of Plaintiff's claims for relief from "the State of Colorado" are dismissed.

own docket. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery. *See Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Considering the early filing of the motion to dismiss premised on qualified immunity and that the Plaintiff seeks money damages against Ficus in her individual capacity only, the Court finds that the circumstances evaluated in *Rome* are inapplicable to the case at hand. Moreover, the remaining defendants have been neither identified nor served in this case; thus, there will be no harm nor prejudice in imposing a stay of discovery at this stage of the litigation. In light of the governing case law as stated herein, the Court concludes that a temporary stay of discovery is appropriate in this matter, pending resolution of Ficus' motion to dismiss.

**III.   Conclusion**

Accordingly, for the reasons stated above, Defendant [Ficus]'s Motion to Stay Discovery [filed August 29, 2011; docket #43] is **granted**. All discovery in this matter is temporarily stayed pending resolution of Ficus' motion to dismiss. The parties shall file a status report within *three business days* of receiving a ruling on the motions to dismiss, indicating what scheduling, if any, is needed.

In light of this Order, the Scheduling Conference currently set for September 14, 2011, is **vacated**.

Entered and dated at Denver, Colorado, this 2nd day of September, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

4